IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Darlena R. Price,                              )        Case No. 6:12-cv-00450-TMC-JDA
                                               )
            Plaintiff,                         )
                                               )
      v.                                       )        **REPORT AND RECOMMENDATION**
                                               )        **OF MAGISTRATE JUDGE**
Ingles Markets #042,                           )
                                               )
            Defendant.                         )
_____)

This matter is before the Court on a motion to dismiss filed by Defendant.[1] [Doc. 21.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

Plaintiff, a former employee of Defendant, filed this action on February 16, 2012 alleging claims of race and age discrimination and retaliation. [Doc. 1.] On April 12, 2012, the Court granted Plaintiff's motion to proceed *in forma pauperis* [Docs. 10, 11] and, on May 14, 2012, authorized the Clerk of Court to issue the summons and forward the summons and Complaint to the United States Marshal for service of process [Doc. 16]. On May 25, 2012, the United States Marshals Service ("the USMS") returned the executed summons to the Clerk of Court;[2] the summons and Complaint were sent by certified,

---

[1] In its motion, Defendant notes Plaintiff incorrectly identified Defendant as "Ingles Markets #042," and the correct defendant is "Ingles Markets, Inc." [Doc. 21 at 1.] Throughout this Report and Recommendation, references to "Defendant" are to the entity identified in the motion as the correct defendant.

[2] The Clerk of Court entered the returned summons on the docket on June 4, 2012. [*See* Doc. 20.]

registered mail, return receipt requested, addressed to "Ingles Markets #042" at the address provided by Plaintiff. [Doc. 20.]

On June 12, 2012, Defendant filed a motion to dismiss pursuant to Rules 12(b)(1), (2), (4), and (5) of the Federal Rules of Civil Procedure. [Doc. 21.] Defendant contends (1) the defendant identified by Plaintiff is a nonexistent entity and must be dismissed and (2) the Complaint must be dismissed because Plaintiff failed to achieve proper service of process on Defendant. [*Id.*; Doc. 21-1.] On June 13, 2012, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the dismissal procedure and of the possible consequences if she failed to adequately respond to the motion. [Doc. 25.] Plaintiff filed a response in opposition to the motion on July 13, 2012. [Doc. 30.] Accordingly, Defendant's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for her. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir.

2

1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motions to Dismiss Standards**

### *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  Fed. R. Civ. P. 12(b)(1).  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines.  *See id.*  The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### *Rule 12(b)(2)*

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move the court to dismiss an action based on a lack of personal jurisdiction.  "[W]hen, as here, [a] court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction."  *Mylan*

*Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).  To satisfy this burden, the plaintiff must base its claim for personal jurisdiction "on specific facts set forth in the record."  *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).  Accordingly, "[t]he pleadings, affidavits, and other supporting documents presented to the court are construed in the light most favorable to [the] plaintiff, drawing all inferences and resolving all factual disputes in its favor."  *Masselli & Lane, PC v. Miller & Schuh, PA*,  215 F.3d 1320, 2000 WL 691100, at *1 (4th Cir. 2000) (unpublished table opinion) (citing *Mylan Labs.*, 2 F.3d at 60); *see also Mylan Labs.*, 2 F.3d at 62 ("In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." (citing *Combs*, 886 F.2d at 676;  *Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984))).  The court, however, need not "'credit conclusory allegations or draw farfetched inferences.'" *Masellli,* 2000 WL 691100, at *1 (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)).

### Rules 12(b)(4) and (5)

Under Rules 12(b)(4) and (5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(4), (5).  Rule 4(h) governs the service of process upon corporations, partnerships, and associations and provides that, within a judicial district of the United States, service may be accomplished

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

4

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. Fed. R. Civ. P. 4(e)(1). In South Carolina, service of process may be accomplished by certified mail:

> *Service by Certified Mail.* Service of a summons and complaint upon an . . . [individual, corporation, or partnership] . . . may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt. . . .

S.C.R. Civ. P. 4(d)(8). Noncompliance with Rule 4 of the Federal Rules of Civil Procedure does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963) (upholding service upon the defendant's wife at a home to which the defendant never intended to return).

**Service of Process in IFP Cases**

In a case in which the district court permits the plaintiff to file *in forma pauperis* ("IFP"), the district court must direct the USMS to effectuate service of process. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("*In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915."). However, the plaintiff must provide sufficient information to locate the defendant with "reasonable effort."

*Richardson v. Johnson*, 598 F.3d 734, 738–40 (11th Cir. 2010); *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (stating that "[i]f the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was 'good cause' for purposes of [Fed. R. Civ. P.] 4(m)," excusing the plaintiff's failure to timely serve the defendants); *Greene v. Holloway*, 210 F.3d 361, 2000 WL 296314, at *1 (4th Cir. 2000) (unpublished table opinion) (reversing district court's decision that service was insufficient after prisoner argued he did all that was required under *Graham* to effect service).

## **DISCUSSION**

Defendant asserts this case should be dismissed because Plaintiff failed to achieve proper service or service of process upon a proper defendant, which deprives the Court of jurisdiction over this action. [Doc. 21.] Specifically, Defendant contends Plaintiff's summons is fatally deficient because, as it is addressed only to "Ingles Market #042," it fails to identify any officer, director, managing agent, or other individual authorized to accept service as required under Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure or Rule 4(d)(3) of the South Carolina Rules of Civil Procedure. [Doc. 21-1 at 2–3.] Defendant also contends "Ingles Markets #042," the defendant named by Plaintiff, is a nonexistent entity, and because a party cannot bring suit against a nonexistent entity, Plaintiff's Complaint must be dismissed pursuant to Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure. [*Id.* at 3–4.]

The Court has the discretion to dismiss a case under Rule 12(b)(5) for insufficient service of process. *Reinhold v. Tisdale*, 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007) (citing *Dimensional Comm'ns, Inc. v. OZ Optics, Ltd.*, 218 F. Supp.

6

2d 653, 655 (D.N.J. 2002)), *report and recommendation adopted by* 2007 WL 2173368 (D.S.C. July 26, 2007).  "Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished."  *Id.* (citing *Curcuruto v. Cheshire*, 864 F. Supp. 1410, 1411 (S.D. Ga. 1994)).  However, absent prejudice to the defendant and when service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service.  *Id.*

Because Plaintiff has been granted IFP status in this case, service requirements fall to the USMS, which must expend a reasonable investigative effort to locate a defendant once the defendant is properly identified.  *See Richardson*, 598 F.3d at 738–40; *Greene*, 210 F.3d 361, 2000 WL 296314, at *1; *Graham*, 51 F.3d at 713.  Here, Defendant argues Plaintiff failed to identify a proper defendant, but the motion to dismiss presumably identifies the proper defendant—Ingles Markets, Inc.  [Doc. 21.]  Further, Defendant has failed to articulate or demonstrate how it would be prejudiced by quashing the insufficient service or why service cannot be completed pursuant to Rule 4.  *See Reinhold*, 2007 WL 2156661, at *3. For these reasons, the Court concludes proper service of the proper defendant can be achieved, and therefore, Defendant's motion to dismiss should be denied and, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff should be granted additional time to properly serve Defendant.

## CONCLUSION

Based on the foregoing, it is recommended that Defendant's  motion to dismiss be DENIED.  Defense counsel shall advise the Court in writing within the time period for filing objections to this Report and Recommendation (1) whether or not counsel will accept service of process on behalf of Defendant or (2) if counsel cannot accept service, identify

the agent authorized to accept service on behalf of Defendant, including the agent's name,

address, and telephone number.[3]

       IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

July 18, 2012
Greenville, South Carolina

---

[3] If the District Court adopts this recommendation and only an authorized agent may accept service for Defendant, which would require service by the USMS, this Court will issue a separate order directing the USMS to serve the authorized agent identified by defense counsel within an appropriate period of time.